(78 South. 872)

### PEEBLES et al. v. BANK OF POLLARD.
(6 Div. 734.)

(Supreme Court of Alabama. May 16, 1918.)

TRIAL ⬅11(2) — PLEADING — EFFECT OF TRANSFER TO EQUITY.

Acts 1915, pp. 830–832, as to transfer to the equity side of cases involving equitable defenses, and providing that 30 days after transfer plaintiff shall make "such amendments to the pleadings as may be necessary to conform to the appropriate pleadings in the equity court," does not require complainant, upon such a transfer, to answer the equitable defense or defenses invoked by defendant in order to secure such transfer; but complainant need do no more than present his legal demand, so as to show a prima facie right to recover. thereon, and respondent must plead and prove the equitable matters and defenses relied on.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill in equity by the Bank of Pollard against Alice L. Peebles and another. Decree for complainant, and respondents appeal. Affirmed.

Complainant brought an action at law on a promissory note against respondents, and respondents filed their motion under General Acts 1916, p. 830, setting up the existence of alleged equitable defenses and the necessity for an account in equity to determine the amount due on the note, and the trial judge, overruling complainant's demurrer thereto, made a decretal order, transferring the cause to the equity side of the docket. Thereafter plaintiff, now complainant, filed his original bill, reciting the history of the case, and exhibiting a transcript of the complaint, and other proceedings on the law side. The bill makes an exhibition of these matters in order that the court may be informed, and denies the facts set up in the exhibited motion to transfer to the equity side. The bill sets forth the note sued on and the amount due after credit, and alleges plaintiff's ownership thereof by indorsement from the Finlay Mercantile Company, the payees therein named.

Demurrers were interposed and overruled, and respondents appeal.

L. J. Haley and James A. Mitchell, both of Birmingham, for appellants. Fred G. Moore, of Birmingham, and Page & McMillan, of Brewton, for appellee.

SOMERVILLE, J. The act approved September 28, 1915 (Gen. Acts 1915, pp. 830–832), provides, among other things:

"If an equitable question, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court, depends upon the assertion of an equitable right or defense by a party who is defendant or an intervening claimant in such suit at law, such party may assert such right or defense by a written motion filed in the cause, which shall state the substance of the .equitable right or defense. * * *"

Provision is then made for the transfer of the cause to the equity side, if the judge is satisfied it is a proper case. Then follows this direction:

"Within thirty days after any such cause has been so transferred the plaintiff or complainant shall make such amendments to the pleadings as may be necessary to conform to the appropriate pleadings in equity court."

Appellants' theory seems to be that this provision of the law imposes upon the complainant the burden of setting forth in the bill all the facts relating to the equitable questions and defenses invoked by the defendant at law, and whose assertion by him has resulted in the transfer of the cause; in short, appellants conceive of their motion as having the office and effect of a cross-bill, which must be specifically answered by complainant. This theory is wholly erroneous. The office of the motion is merely to effect a transfer of the cause. It is then functus officio, and by the express provision of the act the defendant is required to plead, answer, or demur to the bill within 30 days, and to establish or maintain the question, right, or defense asserted by him. Very clearly the complainant need do nothing more than to present his legal demand, so as to show a prima facie right to recover thereon; and the respondent must on his part plead and prove the equitable matters and defenses relied on.

The demurrer to the bill was properly overruled, and the decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.