(81 South. 636)

WARREN et ux. v. CROW.    (7 Div. 993.)

(Supreme Court of Alabama.    April 10, 1919.)

1. TRIAL ⬤➡11(2)—TRANSFER OF LAW CASE TO EQUITY—PROPER PROCEDURE.

Where a defendant at law procures a transfer of his case to the equity side of the court pursuant to Gen. Acts 1915, pp. 830–832, in order to make equitable defense available, the appropriate procedure would have been for claimant to file a new or amended complaint in conformity with the chancery practice, and for defendant to present his plea and answer as in chancery.

2. APPEAL AND ERROR ⬤➡1046(1)—HARMLESS ERROR—PROCEDURE ON TRANSFER OF CAUSE TO EQUITY.

Where defendant procured transfer of law case to equity side of court under Gen. Acts 1915, pp. 830–832, court's action in requiring defendants to become complainants on the equity side was not prejudicial to defendants, where the burden of allegation and proof was the same as it would have been under a plea or answer to plaintiff's complaint made in conformity with chancery practice.

3. APPEAL AND ERROR ⬤➡1040(3)—REVIEW—HARMLESS ERROR.

Court's action in sustaining demurrer to bill was harmless, where new allegations in amended bill were not material to the result or prejudicial to complainant's burden of proof.

4. EQUITY ⬤➡195 — CROSS-BILL — DEFENSIVE MATTER—FRAUD.

Where bill sets up equitable title to land because of mistake of description in deed, cross-bill may impeach deed as fraudulent; such fraud being set up for defensive purposes only.

5. EQUITY ⬤➡195 — CROSS-BILL — DEFENSIVE MATTER—FRAUD.

When equity court has jurisdiction in a cause, it will entertain any defense which defeats the equity of complainant, whether such defense be legal or equitable, and it is not necessary that matters set up by a cross-bill in defense only to the original bill should be of equitable cognizance, as distinguished from legal demands.

6. EQUITY ⬤➡195—CROSS-BILL—CANCELLATION OF DEED.

Where a bill sets up equitable title because of mistake of description in deed executed to complainants, cross-bill may seek cancellation of the deed on ground of fraud.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Suit by J. O. Crow against M. W. Warren and wife, in which defendants procured transfer of case to equity side of the court and were ordered to file bill of complaint, to which plaintiff filed cross-bill. From decree rendered, defendants appeal. Affirmed.

J. O. Crow sued M. W. and Helen Warren in ejectment, and proceeding under General Acts 1915, p. 830 et seq., the defendants filed an affidavit showing that they purchased the land in suit on January 6, 1916, from the owner, F. M. Warren, paid a part of the purchase money and received possession, but, because of a mistake of description in the deed executed to them on that day, they failed to acquire a legal title and have only an equitable title; that they thereafter remained in the open and adverse possession of said land which was purchased by J. O. Crow at a sheriff's sale on November 15, 1915, under an execution issued and a judgment rendered in favor of J. O. Crow and against F. M. Warren on September 1, 1915, whereupon said defendants moved to transfer said suit in ejectment to the equity side of the court in order that they might successfully assert their equitable title against the said Crow. An order of transfer was duly made, and it was also ordered that said defendants file their bill of complaint on the equity side of the docket setting up their equitable title. This they did, and, demurrer having been sustained to their original bill, they filed an amended bill making their grantors, F. M. Warren and wife, parties respondent to the bill, and alleging that respondent Crow bought at sheriff's sale with notice and knowledge of complainants' rights and interest in and to said lands. Demurrers being overruled to this bill, Crow filed his answer and cross-bill and a plea of estoppel. The answer and cross-bill charged, among other things, that the alleged sale of said land by F. M. Warren and wife to his daughter and son-in-law, M. W. Warren and wife, was fictitious and fraudulent and for the purpose of hindering and delaying this respondent in the collection of his debts, and that the consideration of said sale was never paid. The cross-bill prayed for a cancellation of the said fraudulent deed and for an accounting for rents and profits. On final submission, the court decreed that the equitable title of complainants was not good as against the legal title of Crow, and that Crow was entitled to the relief prayed by

his cross-bill. From this decree the Warrens appeal.

Isbell & Scott, of Ft. Payne, for appellants.

Davis & Baker, of Ft. Payne, for appellee.

SOMERVILLE, J. When a defendant at law procures a transfer of his case to the equity side of the court, pursuant to the Act of September 28, 1915 (Gen. Acts 1915, pp. 830–832), in order to make available an equitable defense, it is contemplated that the plaintiff shall file a new or amended complaint in conformity with the chancery practice, and that the defendant shall then present his defense by plea or answer as in chancery. See Peebles v. Bank of Pollard, 201 Ala. 518, 78 South. 872.

[1, 2] That would have been the appropriate procedure here; but there was manifestly no prejudice to the defendants at law in requiring them to become complainants on the equity side, since their burden of allegation and proof was the same in either case.

[3] We need not determine whether any ground of demurrer to the original bill was well taken, for the amendment bringing in the new parties was not material to the result; nor did the amendment charging, "in terms," that respondent had notice or knowledge of complainants' rights in the land when he bought at sheriff's sale, add anything to complainants' burden of proof, since that burden was fully met by proving their already alleged possession of the land under circumstances which imparted constructive notice to respondent of their claim to the lands.

If there was error in the ruling on demurrer, it was therefore error without any possible injury.

The evidence showed that complainants' title was equitable only, and, prima facie, superior to respondent's subsequently acquired legal title, by reason of the fact that complainants were in open possession of the lands, under claim of right, at the time when the lien of respondent's judgment attached. But respondent's cross-bill attacked complainants' purchase as simulated and fraudulent, and the evidence justified the finding of the trial court—whether the finding was based upon that issue or not—that the purchase was fraudulent, and therefore void, as against respondent, a then existing creditor.

Appellants (complainants) do not question the validity of such a conclusion on the weight of the evidence, but their only contention is that the impeachment of their deed as fraudulent was a matter of legal cognizance and defense, and was therefore not available here, and gave no equity to the cross-bill.

[4, 5] This contention is obviously unsound. When an equity court has jurisdiction of a cause, it will entertain any defense which defeats the equity of the complainant, whether such defense be legal or equitable, and it it not necessary that matters set up by a cross-bill in defense only to the original bill should be of equitable cognizance, as distinguished from legal demands. Winn v. Dillard, 60 Ala. 369. The fraud set up in the cross-bill is for defensive purposes only.

[6] As for the relief sought by way of concellation of the alleged fraudulent deed, that is a matter of purely equitable cognizance—proper in this cross-bill, although it might not support an original bill by a complainant not in possession of the land, and therefore able to test his title in a court of law.

We have considered the assignments of error as they have been argued in brief by counsel for appellants, and find no prejudicial error therein.

The decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.