**CORNELIUS et al. v. MOORE et al.**
**(6 Div. 578.)**

(Supreme Court of Alabama. May 18, 1922.
Rehearing Denied Oct. 12, 1922.)

1. **Appeal and error** ⚌78(1)—**Order of transfer to equity and dismissal of plaintiff's declaration filed after transfer not necessary "final judgment."**

An order, transferring cause from law to equity on defendant's motion under Acts 1915, pp. 830, 831, § 2, and dismissing a declaration filed by plaintiff after the transfer, but making no determination as to defendant's right to equitable relief, is not a final judgment, which is necessary under such section for appeal by plaintiff.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

On Rehearing.

2. **Trial** ⚌11(2) — **Original pleading after transfer to equity to be by movent; "plaintiff or complainant."**

Within Acts 1915, pp. 830, 831, § 2, providing for removal of a cause from law to equity on motion of plaintiff or defendant, and that within 30 days after transfer "plaintiff or complainant" shall make amendments to the pleadings necessary to conform to appropriate pleading in equity, movent became the "plaintiff or complainant" required to make such amendment, though he was the defendant on the law side.

3. **Mandamus** ⚌143(1)—**Motion for mandamus on rehearing to review nonappealable order comes too late.**

Motion for mandamus, in some cases awarded to review nonappealable interlocutory orders and decrees when adequate relief cannot be obtained on appeal from final judgment, not being made on submission of the cause on appeal, but on application for rehearing after dismissal of appeal, because order was merely interlocutory, is too late.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Ejectment by Oliver Z. Cornelius and others against B. T. Moore and others. From an order, after transfer to the equity side of the court, dismissing plaintiffs' declaration, they appeal. Appeal dismissed.

Ray & Cooner, of Jasper, and Ward, Nash & Fendley, of Oneonta, for appellants.

The judgment was final, and the equities decided against appellants. 14 Ala. App. 557, 69 South. 591; 49 Ala. 360; 168 Ala. 179, 52 South. 895; 94 Ala. 353, 10 South. 442; 142 Ala. 115, 38 South. 183; 44 Ala. 131; 101 Ala. 395, 13 South. 747; 101 Ala. 273, 13 South. 15; 197 Ala. 262, 72 South. 525; 62 Ala. 252; 3 Ala. 223; 54 Ala. 50; 6 Ala. 141, 41 Am. Dec. 41; 74 Ala. 50. Under Acts

1915, p. 830, when a defendant at law procures a transfer of his case to the equity side of the court, it is required that the plaintiff file a new or amended complaint. 201 Ala. 518, 78 South. 872; 202 Ala. 680, 81 South. 636.

Russell & Johnson, of Oneonta, for appellees.

Brief of counsel on the question of the dismissal of the appeal did not reach the Reporter.

ANDERSON, C. J. [1] An action of ejectment was brought in the circuit court by the appellants against the appellees, whereupon the appellees, the defendants in the lower court, filed a motion under section 2 of the Act of 1915, page 830, setting up an equitable defense and praying for a reformation of a deed. The only decree rendered is one ordering the transfer and dismissing a certain claim or declaration filed by the plaintiffs. There is no final decree or judgment, as the court has not determined whether or not the defendant was entitled to equitable relief. No equitable relief has been granted or denied, and we have no such final judgment or decree as will support this appeal. Section 2 authorizes the assignment of error of the order of transfer upon appeal from the final judgment or decree, but does not authorize an appeal from the order of transfer. On the other hand, section 3 authorizes an assignment of error of the order of retransfer upon an appeal from a final judgment or decree of the court in which the case was retransferred. As the order or decree from which this appeal is prosecuted is not such a decree or judgment as will support the appeal, this court has no jurisdiction to entertain the same, which is accordingly dismissed.

Appeal dismissed.

SAYRE, GARDNER, and MILLER, JJ., concur.

On Rehearing.

ANDERSON, C. J. [2] We are not unmindful of the fact that the trial court, after ordering a transfer of the cause to the equity side of the docket, also dismissed what was termed the "complainant's bill," and which meant the claim or assertion filed by the plaintiff, and which was nothing more than the reassertion of the legal title, and did not involve or effect the question of equitable relief as sought by the defendants on the law side of the court, and who should be treated as the complainants upon the equity side. The dismissal of the plaintiff's statement or claim in no sense disposed of the equity of the case and merely had the effect of striking an improper charge from the cause, thus leaving the cause on the equity side to be

disposed of by a final decree, determining whether or not the defendants had an equitable right against the plaintiff's action at law, and to grant relief accordingly, or that they had no equitable defense, and retransfer the cause to the law side, and the one or the other seems to be the only final decree contemplated by the act. If a decree is rendered granting equitable relief, then the party appealing may assign as error the order of transfer, and if equitable relief is denied, and the case is retransferred to the law side, it seems that the party appealing from the judgment at law can assign as error the order retransferring the case to the law side of the docket. The act provides for a removal by the plaintiff and also the defendant from the law to the equity side of the court, and after the order of removal is made, provides:

"Within thirty days after any such cause has been so transferred the plaintiff or complainant shall make such amendments to the pleadings as may be necessary to conform to the appropriate pleadings in equity court." Acts 1915, p. 832, § 2.

This necessarily means that after the removal, the movant becomes the plaintiff or complainant on the equity side and should file such pleadings as will properly present the equitable relief sought. In other words, when the plaintiff in the law court seeks the transfer to the equity side, and it is so ordered he must be the actor on the equity side, and when the order is procured by the defendant in the law court, he becomes the plaintiff or complainant in the equity side of the court. Here the defendants procured the removal to the equity side, and should present, by proper pleading, the equitable question relied upon and the plaintiffs, in the law side; but respondents in the equity side can demur or answer. Therefore the statement or claim filed by these plaintiffs, in the law action, as the initial pleading in equity after the removal is an anomaly, as it was but the reassertion of the plaintiffs' claim of the legal title, and in no sense presented any equitable question or controverted the defendants' motion to transfer. We are still of the opinion that the order or decree from which this appeal is taken will not support the appeal.

It appears that the court in the case of Peebles v. Bank of Pollard, 201 Ala. 518, 78 South. 872, has given this act a different interpretation, and required the plaintiff in the law action to also take the initiative on the equity side, notwithstanding the removal from law to equity had been procured by the defendant, and who was asserting the equity, and while the words "plaintiff or complainant" are used in section 2 of the act, and while this provision is open to the interpretation there given it, it is also reasonably susceptible of the construction now given same, and which we think the more practical and rational, as well as in harmony with the general rule of pleading. We do not think that it was the intent of the Legislature to change the order of pleading by requiring one who relied upon a legal right to negative any equitable defense. Here the plaintiff filed his complaint at law, and there stated his legal claim. The defendant then filed a motion to transfer the cause to the equity side, and, while not denying the plaintiff's legal title, he sought the reformation of a deed which would defeat the plaintiff's then existing legal title. The case was transferred to the equity side, including the file of papers; the plaintiff's complaint was there, and to then require him to be the actor and file another statement in the teeth of the defendant's assertion of an independent equity in his motion is contrary to the well-established form of pleading. The defendant in the action at law, having procured the removal to the equity side, should become the plaintiff or complainant in equity, and should file his bill or statement setting forth his equity, and to which the plaintiff at law, but respondent in equity, should demur or answer. The case of Warren v. Crow, 202 Ala. 680, 81 South. 636, approves the interpretation given the act in the Peebles Case, supra, but condones the procedure in said cause, which conformed to the rule now declared. These two cases, however, must be overruled in so far as they conflict with the present holding.

[3] The appellant has accompanied the application for a rehearing with a motion for mandamus to correct the ruling that the order is not appealable. We have cases in which mandamus has been awarded to review nonappealable interlocutory orders and decrees when adequate relief cannot be obtained on appeal from final judgment, but whether this order is such a one as should be controlled by mandamus we need not determine for the reason that the motion comes too late. It should have been made upon the submission of the cause, and not for the first time upon application for rehearing.

Rehearing denied.

All Justices concur.