(94 South. 298)

**CAREY v. HART. (6 Div. 606.)**

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Trial ⬙11(2)—First pleading by party procuring transfer to equity docket is original bill.**

Under Acts 1915, p. 830, relating to transfer of causes to the equity docket, and providing that after the transfer plaintiff or complainant shall amend the pleadings to conform to pleadings in equity court, the amended pleading filed by defendant in an ejectment suit, after having procured the transfer of the cause to the equity docket, is an original bill in equity.

**2. Homestead ⬙118(5)—Mortgage not signed and separately acknowledged by wife is void.**

Mortgages of a homestead, which were not signed and separately acknowledged by the wife, as required by Const. § 205, Code 1907, § 4161, are null and void.

**3. Homestead ⬙118(2)—Wife's absence does not authorize conveyance without following statute.**

The wife's absence does not authorize the conveyance of the homestead, otherwise than as prescribed by Code 1907, § 4161.

**4. Homestead ⬙122—Void mortgage cannot operate by estoppel or otherwise to transfer title.**

Mortgages of the homestead, which are nullities because not signed and separately acknowledged by the wife, cannot be allowed to operate by way of estoppel or otherwise as conveyances of the legal title to secure the claims of the mortgagee.

**5. Equity ⬙66—Plaintiff in ejectment transferred by defendant to equity need not do equity.**

Where an ejectment action was transferred, over plaintiff's objection, to the equity docket, defendant in ejectment, and not plaintiff, is the actor in the suit in equity, and the plaintiff in ejectment is not required to do equity by repaying the amounts received under void mortgages, as he would be required to do if he brought suit in equity for the cancellation of the mortgages.

**6. Subrogation ⬙17—Holder of second mortgage redeeming from void first mortgage not entitled to subrogation.**

Where both the first and second mortgages of a homestead were void because not executed

---

or separately acknowledged by the wife, the second mortgagee was not entitled, by subrogation, to recover the amount paid to redeem the property from foreclosure of the first mortgage, even though that payment was made at the request of the owner of the property, since it was impossible by any means whatever to infuse the quality of a lien on the land into either the first or second mortgages.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Ejectment by C. E. Carey against Sidney Hart, transferred to the equity side of the docket when defendant set up matters of equitable defense. From a decree establishing the title to the land in controversy in plaintiff, subject to a lien for the amounts claimed by defendant, plaintiff appeals. Reversed and remanded, with directions.

Powell & Powell, of Birmingham, for appellant.

It was error to decree a lien for improvements; since Carey did not come into equity seeking relief, there was no duty on him to offer to do equity. 158 Ala. 278, 48 South. 359, 132 Am. St. Rep. 25; 78 South. 872. Section 3846 of the Code of 1907 does not apply in this case. 177 Ala. 123, 59 South. 45; 148 Ala. 253, 41 South. 523. On the transfer to the equity docket complainant need do nothing more than present his legal demand, and respondent must plead and prove the equitable matters relied on. 195 Ala. 501, 70 South. 143; 199 Ala. 145, 74 South. 243; 75 South. 953; 158 Ala. 278, 48 South. 359, 132 Am. St. Rep. 25; 78 South. 872.

Haley & Haley, of Birmingham, for appellee.

The transfer of a case from the law to the equity side of the court does not make the defendant on the law side the movant in equity. Acts 1915, p. 830; 202 Ala. 680, 81 South. 636. When Hart paid the money due Schwab under the decree in the case of Carey v. Schwab, he was subrogated to all the rights of Schwab, and Schwab's possession inured to appellee's benefit. 123 Ala. 325, 26 South. 504.

SAYRE, J. [1] Appellant, Carey, brought his action of ejectment against appellee. After filing a plea of the general issue, appellee, proceeding under authority of the Act of September 28, 1915 (Acts, p. 830), filed his motion in writing, averring matters of equitable right or defense, and praying that the cause be transferred to the equity side of the docket, which motion, after contest by appellant, was granted, and an order of transfer made accordingly. The statute in such cases (top of page 832) provides that—

"Within thirty days after any such cause has been so transferred the plaintiff or complainant shall make such amendments to the pleadings as may be necessary to conform to the appropriate pleadings in equity court, or failing so to do within thirty days, the cause may be dismissed, in the discretion of the court; and the defendant in any such cause so transferred shall within thirty days after such amendment is filed, plead, answer or demur thereto as required by law or be in default."

Still pursuing the statute, appellee—to whom we shall now refer as complainant—filed his bill, setting forth his equitable right and defense, which, out of deference to the concluding phrases of Peebles v. Bank of Pollard, 201 Ala. 518, 78 South. 872, reaffirmed in Warren v. Crow, 202 Ala. 680, 81 South. 636, he labeled "answer and cross-bill," wherein, for the same reason, he referred to himself as the defendant in the cause. This pleading, referred to in the statute as an "amendment to the pleadings," was nothing more nor less than an original bill, the first pleading in a cause which had been established on the equity side of the docket by the order of transfer; a cause thereafter to proceed as causes ordinarily do in the chancery court. This, we think, is shown by the language of the act which speaks of the party procuring the transfer in this case (the defendant on the law side) as "the plaintiff or complainant," and, in the next succeeding section, provides that when the party procuring the transfer fails to establish or maintain his equity, "the right or defense asserted by him," the cause shall be retransferred to the law docket, and, in effect, shall proceed as if there had been no transfer. Appellant thereupon filed his answer and cross-bill.

By his bill complainant sought to have the legal title confirmed in himself; that is, that his title, which he claimed in virtue of a redemption from the purchaser at a sale foreclosing a first mortgage and the foreclosure of a second mortgage to himself, be quieted, or, in the alternative, that a lien be decreed in his favor for the amount of his second mortgage, the amount expended in redeeming from the foreclosure of the first mortgage, and the amounts expended by him for improvements and taxes. Defendant (appellant) by his cross-bill denied the validity of both mortgages, on the ground that the property described therein was the homestead of his grantor (his father) and that said purported conveyances had not been executed by his grantor's wife (defendant's mother) as required by law, and that complainant's alleged redemption from the foreclosure of the first, or Schwab, mortgage was not made in good faith as second mortgagee, but with full knowledge of the fact that his said second mortgage was a nullity for the reason stated. Further cross-complainant averred that complainant (cross-defendant) "forcibly took possession of said land, and whatever improvements he made thereon were made while in such pos-

session, and that said Hart has been receiving the rents and profits thereof ever since," and prayed that his title be confirmed and that his property be acquitted of the lien claimed by complainant.

The decree confirmed the legal title in defendant, subject, however, to a lien in complainant's favor on the several accounts mentioned, and ordered a reference to ascertain the amounts thereof. The decree provided further that "In stating his account the register shall allow complainant [meaning defendant, as we construe the statute] as a credit the amount of the value of the use and occupation of the property described in the complaint, based upon the value of the property less permanent improvements made by respondent [meaning complainant]."

[2, 3] The court correctly decreed the mortgages executed by defendant's grantor to be null and void, for the reason that they were not signed and separately acknowledged by the wife, as the Constitution and statute of this state require in the case of conveyances of the homestead. Const. § 205; Code, § 4161; Clark v. Bird, 158 Ala. 278, 48 South. 359, 132 Am. St. Rep. 25. The wife's absence did not authorize the conveyance of the homestead otherwise than as prescribed by section 4161. Lewis v. Lewis, 201 Ala. 112, 77 South. 406; Chamboredon v. Fayet, 176 Ala. 217, 57 South. 845; Curry v. Barnes, 200 Ala. 256, 76 South. 22.

[4] The mortgages, being mere nullities, cannot be allowed to operate by way of estoppel, or otherwise, as conveyances of the legal title to secure the claims of complainant. Clark v. Bird, supra.

[5] Proceeding upon the theory, evidently, that appellant was the actor in the court of equity (this by reason of what was said in Peebles v. Bank and Warren v. Crow, supra), the trial court applied the rule of Mathews v. Carroll Mercantile Co., 195 Ala. 501, 70 South. 143, and the cases there cited, which is, that where a mortgagor seeks relief by cancellation of a void mortgage he must do equity by offering to restore what he received on the strength of the mortgage; this "upon the consideration that to allow one to retain the benefits of an agreement which he repudiates, when by so doing he derives an advantage, while the uncomplaining party is subjected to loss, would be plainly inequitable." Here, however, as has been noted, defendant, whose property was decreed to be subject to a lien to secure complainant's debt, was not the actor in the equity court, and cannot be subjected to the burden of the rule. He brought his action of ejectment to secure his strictly legal right to the possession of his property. He was brought into equity nolens volens, and improperly as the evidence disclosed. In no event could his property be subjected to a lien on account of the void mortgages. To hold otherwise would emasculate the statute. Had he been the actor in equity, a decree requiring payment of these debts as a condition to relief would have been appropriate (Mathews v. Carroll Mercantile Co., supra), but not so a decree involving the title to his property.

[6] Appellee contends for a lien for the indebtedness secured by the Schwab mortgage on the doctrine of subrogation. The contention cannot be allowed. Whether appellant requested appellee to redeem from the foreclosure of that mortgage, as some of the evidence tended to show, or not, is a matter of no consequence in this regard, because on considerations already stated, it was impossible by any means whatever to infuse the quality of a lien on the land into either the mortgage under which complainant claimed or that against which he redeemed, nor was the situation as regards complainant changed or ameliorated in any respect by the foreclosure of the respective mortgages.

There was no equity in the claim of right or defense asserted by complainant (appellee), and, under section 3 of the act, the cause should have been retransferred to the law side, where complainant, now again defendant, would be remitted to his legal defenses.

The decree in this cause will be reversed and the cause remanded to the circuit court, equity side, where a decree will be entered in accordance with this opinion, unless complainant's bill shall be amended so as to give it equity.

In conclusion we note that Peebles v. Bank, and Warren v. Crow, supra, have been overruled in the recent decision of Cornelius v. Moore, ante, p. 237, 94 South. 57.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.