(97 South. 916)

### PEARSON v. CITY OF BIRMINGHAM.
### (6 Div. 804.)

(Supreme Court of Alabama. Nov. 8, 1923.)

**1. Pleading ⬄249(4)—Amendment of an action of unlawful detainer to ejectment held proper.**

In an action of unlawful detainer, an amendment to ejectment is properly allowed as going to defect of form and to a misdescription of property, in view of Code 1907, § 5367, authorizing amendments by striking out or adding new counts or statements of the cause of action, and providing that such new counts or statements shall not be held to relate to new or other causes of action so long as they refer to the same transaction, property, title, and parties as the original, and that, if this identity is not apparent from the pleading, it shall be a question of fact for the jury.

---

**2. Appeal and error ☞520(3)—When denial of a motion to transfer a cause from law to equity not considered in absence of bill of exceptions stated.**

The denial of a motion to transfer a cause from law to equity cannot be considered on appeal, in view of Acts 1915, p. 830, § 2, where appeal is upon the record, which shows no demurrer nor ruling on demurrer, and does not show that the denial was not based on affidavits, as in such a case, the ruling can only be presented by a bill of exceptions.

**3. Appeal and error ☞94—No review of an order denying a motion to transfer from law to equity.**

An order of the court overruling a motion to transfer a cause from law to equity is not reviewable, in view of the statute providing error may be assigned on the order of the court transferring the cause by the party aggrieved, as the right and remedy are statutory.

**4. Municipal corporations ☞221 — City has power to own and hold property "as trustee."**

In view of Code 1907, § 1287, providing that the city may receive donations and bequests of property or money in trust for the execution of all powers, rights, and duties incident to providing for certain public buildings, a city has power to own and hold property "as trustee."

**5. Ejectment ☞65—Unnecessary in ejectment to set out purpose for which title is held.**

It is unnecessary to set out in a complaint in ejectment how or for what purpose complainant's title to the property is held.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the City of Birmingham, as trustee of the estate of Sallie E. Jackson, deceased, against Florine Pearson. From a judgment for plaintiff, defendant appeals. Affirmed.

William Vaughan, J. B. Stephens, and Jas. G. Davis, all of Birmingham, for appellant.

The count added by amendment could not be joined with the original count, and presented a new cause of action. Mahan v. Smitherman, 71 Ala. 563; Ins. Co. v. De Jarnette, 111 Ala. 248, 19 South. 995; Dougherty v. Dowe, 127 Ala. 577, 30 South. 524; Semple v. Glenn, 91 Ala. 245, 6 South. 46; 10 Michie's Ala. Dig. 1062. It was error to overrule appellant's motion to transfer the cause to the equity docket. Ellis v. Drake, 206 Ala. 145, 89 South. 389.

W. J. Wynn and W. M. Woodall, both of Birmingham, for appellee.

The amendment of the complaint was proper and permissible. Buchanan v. Larkin, 116 Ala. 431, 22 South. 543; Brown v. Loeb, 177 Ala. 106, 58 South. 330.

BOULDIN, J. [1] The original complaint, with few, but important, changes and omissions, is a copy of the Code form in actions of unlawful detainer. Civil Code 1907, vol. 2, p. 1200, form 27. This complaint was stricken on demurrer of defendant. Thereupon plaintiff filed an amended complaint in statutory ejectment. Civil Code 1907, vol. 2, p. 1200, form 29.

Defendant's objection to filing, motion to strike, and demurrer to the amended complaint were overruled. The point here made is that the amendment presented a new cause of action, or worked an entire change of the cause of action.

Section 5367, Code of 1907, deals with two general classes of amendments: First, amendment of "imperfection and defect of form" in the complaint. This is usually done by substituting an amended statement of the cause of action. The original complaint or count is amended out unless already stricken on demurrer. Second, amendments adding new "counts" or "statements of the cause of action" either to the original or amended complaint. In the latter case, the cause proceeds on all remaining counts. The added count must be such as "could have been included in the original complaint." Code of 1907, §§ 5328, 5329. "Original complaint" here means the complaint first filed as perfected, if need be, by amendment correcting any "defect of form." In either class of amendments parties plaintiff or defendant may be stricken out or new ones added. There must not be an entire change of parties plaintiff or defendant. The same parties must appear in all counts remaining before the court. Neither class of amendment shall "relate to new or other causes of action."

Thus far the statute is a mere legislative recognition of the construction given by this court to former statutes. See annotations to section 5367, Code of 1907, and to section 3331, Code of 1896. But section 5367, Code of 1907, added a new provision, defining "new or other causes of action" in these words:

"It shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transaction, property and title and parties as the original, and where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury."

This provision works an entire change in the method of settling the propriety of a proposed amendment. Theretofore it could be determined only on inspection of the pleadings, and was determined by the trial judge as matter of law. Such is still the rule when the identity of subject-matter and parties is "apparent on the averments of the pleadings." But cases arise in which this is not apparent. It may be a case of misde-

scription of the property really involved. Such error in description may be from vagueness or uncertainty, or it may be by an accurate description, but applicable to a wholly different tract of land, such as giving the wrong government subdivisions. In such case, if an amendment be not allowed giving the correct description in lieu of the incorrect one, then the property really involved would not be within the lis pendens of the suit. There would develop a variance between pleading and proof, and a judgment, if obtained, would be utterly abortive. Again, there may be a misnomer of the party really sued or suing, or such error in the form of action as to preclude an adjudication upon the real title claimed by the respective parties. In such cases the identity of property, title, and parties is not apparent, but, looking at the original and amended complaint alone, they may relate to other property, or parties.

Does the amended statute contemplate that in all these matters the question of sameness becomes one of fact for the jury? In Brown v. Loeb, 177 Ala. 106, 58 South. 330, this court carefully considered and construed this statute and the procedure therein outlined. It was a case of amendment correcting a description of lands by government subdivisions. We need not repeat at length what was there said. We approve and follow that case. The result of the decision was that, notwithstanding the original and amended complaints each describes accurately a separate tract of land, it is an issue of fact for the jury to determine whether it was intended to sue for the same lands from the beginning.

We consider the same reasoning as conclusive of the question at bar. The identity of the subject-matter, viz. the transaction, or the property and its title, and the identity of the parties, is by express terms of the statute made the collective fact to be determined by the jury in such cases. The same title in this connection means the title involved when suit brought, and is to preclude bringing in an after-acquired title. There can be but one legal title to the same property between the same parties at the same time. In actual practice little trouble can arise under this rule. Litigants usually know the substance of their quarrel. In most cases when the pleadings are settled they settle down to try their respective claims on their merits. If no evidence is offered on this special issue, the trial court need take no further notice of it, and the verdict should be treated as rendered on the merits of the case presented by the pleadings. If an issue on the identity of the subject-matter or parties is presented by the evidence, and a verdict goes for defendant thereon, plaintiff should be allowed to have a special finding so as not to be concluded against another suit on the merits.

One of the purposes of the amended statute we are considering is to avoid the running of the statute of limitations in such cases; to put at rest the long-controverted question as to whether such statute continued to run against the cause of action set up by amendment. Alabama Con. C. & I. Co. v. Heald, 154 Ala. 580, 45 South. 686; City of Birmingham v. Shirley, 209 Ala. 305, 96 South. 214; Ballenger v. Ballenger, 205 Ala. 595, 88 South. 826. Another purpose is well stated in Brown v. Loeb, supra, in these words:

"In respect to the matters specified, inadvertent inaccuracies and mistakes are notoriously frequent, and the legislative purpose was to at once and completely relieve the trial of causes of the needless expense and delay so often incident to their correction, and to furnish to trial courts a rule of action that is both simple and certain. The result thus achieved is a wholesome one, and in full accord with the modern spirit of reform in judicial procedure, which looks more and more to the substance, and regards less and less the form."

See, also, Crawford v. Mills, 202 Ala. 62, 79 South. 456; Thrasher v. Royster, 201 Ala. 366, 78 South. 222; Ballenger v. Ballenger, supra.

The amendment in this case, going to defect of form, and to a misdescription of the property, was properly allowed.

[2, 3] Defendant in the court below filed a motion to transfer the cause from the law docket to the equity docket for the purpose of asserting an equitable defense. Acts 1915. p. 830. This motion was denied, and the ruling on the motion is assigned as error. The question is not here presented for review, and cannot be considered, for two reasons:

First. The act (section 2) provides:

"The legal sufficiency of such motion may be tested by demurrer and the facts therein may be controverted by affidavit."

This appeal is upon the record. There is no bill of exceptions. The record shows no demurrer to the motion to transfer nor ruling on demurrer. For aught appearing the motion may have been denied upon evidence by affidavit. The ruling in such case can only be presented by bill of exceptions.

Second. We find in the statute no provision for review of the order of the court overruling or denying the motion to transfer a cause from the law side to the equity side of the court, or vice versa. The statute says:

"And on an appeal from the final judgment or decree in the cause error may be assigned on the judgment or order of the court *transferring* the cause by the party aggrieved." (Italics ours.)

This provision appears to apply to all orders transferring or retransferring the

cause by the court on his own motion, or on motion of either party. The right and remedy are statutory. No right of review on appeal being given, none exists.

[4] A municipality is a body corporate, and may "acquire property by purchase, gift, devise, or appropriation for any municipal purpose herein authorized." Municipal Code (Code 1907, § 1046). One of the purposes named is the following:

"*Jails, Hospitals, Morgues, Public Baths, etc.* —To establish, erect, maintain, and regulate jails, morgues, houses of refuge, station houses, and prisons, public baths, and bathhouses; to own, establish, maintain, and regulate public hospitals, and to purchase and provide for any and all things which may be deemed advisable or necessary thereto, and to receive donations and bequests of property or money in trust or otherwise, for the exercise of all such powers, rights, and duties incident to the same." Code of 1907, § 1287.

There is no want of power in the city of Birmingham to own and hold property "as trustee."

[5] It was not necessary to set out in a complaint in ejectment how or for what purpose its title to the property is held.

We find no error in the record.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.