(125 So. 645)

**JONES v. WRIGHT et al.** (6 Div. 484.)

Supreme Court of Alabama. Jan. 16, 1930.

Harsh & Harsh, of Birmingham, for appellant.

Thos. J. Judge, J. Wiley Logan, and W. A. Weaver, all of Birmingham, for appellees.

BOULDIN, J. R. H. Wright and C. E. Hails brought suit in statutory ejectment against James William Vanderford to recover possession of lands. L. B. Jones appeared as landlord of the defendant in possession, and suggested she had a defense available only in equity. Thereupon the cause was, by order of the court, transferred to the equity side of the court. Code, § 6488.

A bill was then filed on the equity side setting up the alleged equitable title or claim of L. B. Jones, complainant in the equity suit. Code, § 6491; Cornelius v. Moore, 208 Ala. 237, 94 So. 57; Carey v. Hart, 208 Ala. 316, 94 So. 298.

Demurrers to the bill were sustained. After repeated amendments, demurrers to the bill as last amended were sustained; and the court, being of opinion that it could not be further amended so as to give it equity, directed in his decree that the cause be retransferred to the law side. Code, § 6492. The appeal is from this decree. Assignments of error go to the rulings on demurrer and the order to retransfer. A motion is here made to dismiss the appeal.

The statutes above cited are codified from an act of 1915 (Acts of 1915, p. 830), one of the judicial reform statutes of that legislative session.

Section 6492 provides:

"When any cause is so retransferred, it shall thereupon be docketed on the side of the court in which originally filed and proceed to final judgment or decree therein, and on an appeal from the final judgment or decree in the cause, error may be assigned by the party aggrieved on the judgment or decree of the court retransferring the cause to the side of the court in which the same was originally filed."

No provision is made for review by appeal until after final judgment in the court to which the cause is retransferred. The entire statute is remedial, deals with procedure, must be construed as expressive of the legislative intent as to what appeals may be taken. Accordingly we have declared in our decisions that, where no appeal is authorized, none can be entertained. Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Cornelius v. Moore, supra; Ex parte Louisville & N. R. R. Co., 211 Ala. 531, 100 So. 843; Fountain v. State, 211 Ala. 586, 100 So. 892; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101.

The decree retransferring the cause does not support an appeal while the cause is still pending for trial at law.

Appellant relies upon the general statute authorizing an appeal within 30 days from an interlocutory decree sustaining demurrer to a bill in equity. Code, § 6079. An appeal under this statute aims at settling the equities in pending causes in equity for the future guidance of the court below.

After retransfer to the law court, the cause is no longer pending in equity. So long as the order of retransfer stands, no further proceedings in equity can be had. While an appeal may be taken from a decree on demurrer to a bill filed in a cause transferred to the equity side as in any other case of a bill pending in equity, we must hold section 6079 has no application after the cause is retransferred to the law side.

For want of a remedy by appeal, mandamus in lieu of appeal is recognized as the appropriate remedy to review orders granting or denying the transfer or retransfer of causes; and matter raised by demurrer going to the equity of the bill are reviewed as on appeal. Ex parte Louisville & N. R. R. Co., 211 Ala. 531, 100 So. 843; Smith v. Grayson, 214 Ala. 197, 107 So. 448; Ex parte Holzer, 219 Ala. 431, 122 So. 421.

The motion to dismiss the appeal must be granted.

Appeal dismissed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.