(130 So. 163)

## BALDWIN v. SOUTHERN BANK & TRUST CO.

### 6 Div. 830.

Court of Appeals of Alabama.
Aug. 19, 1930.

Rehearing Denied Oct. 7, 1930.

Hugh A. Locke and F. V. Wells, both of Birmingham, for appellant.

Arlie Barber, of Birmingham, for appellee.

SAMFORD, J.

Motion was made by defendant to transfer this cause to the equity side of the docket, there to be tried as provided by section 6490 of the Code of 1923. There was demurrer filed to this motion, but no ruling on the demurrer appears of record. There are two affidavits appearing, and the judgment of the court is: "And the defendant files motion to transfer the case to the equity side of court by separate paper and said motion is by the court heard and considered, whereupon, it is ordered and adjudged by the court that the said motion be and the same is hereby overruled and defendant excepts." If the appellant has a right to review the action of the trial court in *denying* a motion to transfer the cause under the above section of the Code, it must be by bill of exceptions. Certain it is that it cannot be reviewed on the record as it is here sought to do. Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Wiggins et al. v. Stewart Bros., 215 Ala. 9, 109 So. 101.

We find no error in the record, and the judgment is affirmed.

Affirmed.

(130 So. 162)

## BYRD v. JONES.

### 8 Div. 53.

Court of Appeals of Alabama.
Oct. 7, 1930.

H. H. Hamilton, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

RICE, J.

This was a suit by appellee against appellant seeking to recover the amount of $50 claimed as an attorney's fee. The trial resulted in a verdict of the jury, and judgment rendered thereon, in appellee's favor, for the sum of $25. It is made to appear that the trial resulting in the judgment from which this appeal is taken, is the second trial of the case; the first resulting in a mistrial.

The complaint was simple; the plea was in short by consent. Both appellant (defendant) and appellee (plaintiff) testified fully as to the circumstances out of which grew the claim. The issue was itself simple and clear.

We do not hold that technical error was *not* committed during the trial; but, "in the opinion of the court to which the appeal is taken * * * after an examination of the entire cause, it * * * (does not) appear that the error(s) complained of has (have) probably injuriously affected substantial rights of the parties (appellant)." So no reversal can be predicated upon the rulings made the basis of the assignments of error argued and insisted upon—and this entirely without regard to the legal accuracy, vel non, of any one, or all, of said rulings. Supreme Court Rule 45.

The case was fairly tried, and the judgment ought not to be disturbed. It is affirmed.

Affirmed.