(137 So. 306)

## DERZIS v. COX.

### 6 Div. 824.

Supreme Court of Alabama.

Oct. 29, 1931.

518

Nick Lallas and Walter H. Anderson, both of Birmingham, for appellant.

· Inzer, Inzer & Davis, of Gadsden, and Altman & Koenig, of Birmingham, for appellee.

BOULDIN, J.

The action is on a series of four promissory notes of $2,250 each, given for the purchase money of lands.

Plaintiff is the vendor and the payee of the notes, the defendant the purchaser and the maker of the notes.

Defendant, claiming an equitable defense, filed a motion to transfer the cause to the equity docket under Code, § 6490.

Demurrer to the motion, as amended, was sustained. This ruling is assigned as error.

It is now well settled that an order denying such motion, or rulings resulting in such denial, are not reviewable by appeal taken from such interlocutory order, nor on appeal from the final judgment. Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Ex parte Louisville & N. R. Co., 211 Ala. 531, 100 So. 843; Fountain v. State, 211 Ala. 586, 100 So. 892; Smith v. Grayson, 214 Ala. 197, 107

So. 448; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101; Ex parte Holzer, 219 Ala. 431, 122 So. 421; Jones v. Wright, 220 Ala. 406, 125 So. 645.

The substance of the motion was presented in pleas of recoupment, especially plea 5, which, omitting the description of the property, appears in the report of the case. Issue was joined on these pleas, and the evidence was directed chiefly to such issue.

It appears the property conveyed was intended as a site for the location of a building material and coal business, one calling for a railroad siding or spur track. A lead track of the Louisville & Nashville Railroad ran along the north boundary of the property. By a prior conveyance of the adjoining property on the south to East View Land Company, the grantee agreed to extend a railroad track along the north side of the land therein conveyed, and to pay for certain connections with such track. The grantor, Cox, in such conveyance reserved the right to the free use of such track for his adjoining property on the north, the same property conveyed to defendant Deržis.

The only reference to this proposed track in the writings is by way of description, as the south boundary of the parcel sold, in the preliminary contract embodied in the receipt for the initial payment.

The evidence touching any personal agreement on the part of Cox to construct or cause such side track to be constructed was in direct conflict. It consisted of parol testimony of witnesses heard by the trial court, sitting without a jury. Without further details, our conclusion is, that, indulging the well-known presumption in favor of the finding of the trial judge, his conclusion upon the merits of the pleas in recoupment should not be disturbed.

Only the first maturing note was past due when suit brought, except for the accelerating provisions of the contract.

The mortgage given to secure the notes provided: "Should said notes, or any part thereof, or the interest thereon, remain unpaid at maturity * * * the whole of said indebtedness shall at once become due and payable, and this mortgage be subject to foreclosure as now provided by law in case of past due mortgages."

Appellant insists such stipulation should be strictly construed, and limited to the right of foreclosure. We need not decide as to this. Each note contained this stipulation: "It is expressly understood and agreed that default in the payment of this or any one of said series of notes at the maturity thereof shall render the entire series immediately due and payable."

■ The mortgage and notes constitute one contract. "Due and payable" can have but one meaning, in the absence of something limiting the obvious import of the words. On default in payment of the first note, the entire indebtedness matured, was due to be paid, and suit upon all of them was not premature. Chambers v. Marks, 93 Ala. 412, 9 So. 74.

■■ The notes stipulated for a payment of a reasonable attorney's fee. Only one witness was examined as to a proper fee. The trial court fixed the fee in accordance with his testimony. The rule is that neither the trial court nor this court is concluded by such opinion evidence. But, in view of the litigation, we are of opinion that a fee of $900, ten per centum of the principal of the debt, is not unreasonable.

We find no reversible error in any of the rulings presented for review.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.