# Cramton *v.* Rutledge, *et al.*

### *Bill for Partition.*

(Decided Nov. 16, 1909. Rehearing denied Dec. 16, 1909.
50 South. 900.)

1. *Powers; Execution; Intent.*—While no particular formality is required in the execution of a power an intent to execute it must be shown.

2. *Same; Execution; Title Acquired.*—Under. section 1046, Code 1896, a purchaser from a life tenant with power to sell must show, in order to acquire the fee, that he purchased from the life tenant, not only his estate, but the entire property, since the life tenant may exercise his discretion by selling the life estate only, thus leaving the remainder for those entitled thereto.

3. *Partition; Title of Purchaser.*—Where proceedings are commenced by a life tenant who had power to sell merely to sell for partition her estate and the interest of the co-tenant. in fee, and no mention is made of the power to sell, the purchaser under the sale acquired only the fee of the interest of the co-tenant in the estate, and the life estate of the life tenant.

4. *Life Estate; Adverse Possession; Termination of Life Estate.*—Where a purchaser becomes the owner of an interest in fee of land and the owner of the estate of a life tenant in the same land, as against the remaindermen, no question of adverse possession could arise until the death of the life tenant.

5. *Tenancy in Common; Adverse Possession.*—The possession of one tenant in common is the possession of all, and cannot become adverse until brought home to the knowledge of the other, or the possession is so open and notorious in its hostility and exclusiveness as to put the other tenant on notice of its adverse character.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by J. T. Rutledge and others against F. J. Cramton for partition. Decree for complainant and respondents appeal. Affirmed.

FRED S. BALL, and J. M. CHILTON, for appellant.—The proceedings were barred by the statute of twenty years.—*Matthews v. McDade,* 72 Ala. 377. If not barred by twenty years, then complainant was barred

by ten years adverse possession under color of title. Rutledge had actual knowledge sufficient to work a possession under claim of title.—1 Cyc. 999; 1 A. & E. Ency. of Law, 838; *Eureka Co. v. Norment,* 98 Ala. 181; *Adler v. Prestwood,* 122 Ala. 367; *Croft v. Doe ex. dem.,* 125 Ala. 395; *Henry v. Brown,* 143 Ala. 457; *Bynum v. Hewlett,* 137 Ala. 336; *Goodson v. Brothers,* 111 Ala. 589; *Lawrence v. Ala. S. L. Co.,* 144 Ala. 559; *Brand v. U. S. C. Co.,* 128 Ala. 579. A sale by one heir of the entire estate who takes possession of all the land will ripen into a title under which all the other heirs will be barred.—*Riggs v. Fuller,* 54 Ala. 141; *Abercombie v. Baldwin,* 15 Ala. 363; *Walker v. Crawford,* 70 Ala. 567; *Jefferson v. Pettus,* 132 Ala. 671. The bill is barred by laches.—*Gordon v. Lady E. C. Co.,* 46 South. 983; *Adler v. Prestwood, supra; Caldwell v. Copeland,* 78 Am. Dec. 438; *Waller v. Nelson,* 106 Ala. 535; *Rives v. Morris,* 108 Ala. 527; *Bracken v. Newman,* 121 Ala. 311; *Martin v. Kelly,* 132 Ala. 201; *Robinson v. Pearce,* 118 Ala. 273; *Street v. Henry,* 124 Ala. 153. The partition proceedings were valid.— *Matthews v. McDade, supra; Woodstock Co. v. Rock,* 87 Ala. 430; *Duncans v. Williams,* 89 Ala. 341; *Ladd's Case,* 77 Ala. 235; *Long's Case,* 81 Ala. 288; *Dickey's Case,* 81 Ala. 432; *Bozeman's Case,* 82 Ala. 291; *Wilson's Case,* 83 Ala. 540; *Black's Case,* 85 Ala. 511. Mrs. Bell acquired the fee simple estate under the will of her husband.—Sec. 185, Code 1886; *Wells v. Mfg. Co.* 109 Ala. 442; *Holman v. Lehman,* 79 Ala. 63; *Alford v. Alford,* 56 Ala. 350; *Smith v. Phillips,* 131 Ala. 631.

GUNTER & GUNTER, for appellee.—All the law of the case was settled on the two former appeals. And the only matter presented by this appeal which can be properly gone into is the question of adverse posses-

sion. Under the law it is insisted, Pomeroy was entitled to the exclusive possession of the whole property until the death of the widow, which occurred in 1893, and after that if he had any possession it was that of a tenant in common with these plaintiffs.—*Cramton v. Rutledge,* 47 South. 218; *Hamby v. Folsom,* 148 Ala. 221; *Ashford v. Ashford,* 136 Ala. 631; *Johnson v. Toulmin,* 18 Ala. 50. No such possession is shown as would ripen into an adverse title against these plaintiffs, tenants in common with respondent.—*Eureka Co. v. Norment,* 104 Ala. 625; s. c. 98 Ala. 189; *Parks v. Barnett,* 104 Ala. 443; *Elyton L. Co. v. Denny,* 108 Ala. 562; *Chastang v. Chastang,* 141 Ala. 451; *Farley v. Smith,* 39 Ala. 38.

SIMPSON, J.—This case has been before this court twice before on appeal. See *Rutledge et al v. Cramton,* 150 Ala. 275, 43 South. 822, and *Cramton v. Rutledge et al.,* 157 Ala. 141, 47 South. 214, which cases are referred to for a statement of the facts of this case. Appellant earnestly contends for an overruling of the decisions in those cases, but after examining the same we are satisfied of their correctness. While it is true that no particular formality is required in the execution of a power, yet it is required that an intention to execute the power shall be shown.

Under the will of A. R. Bell, his widow did not take an absolute fee simple, but only a life estate, which the statute declares to be a fee simple, only in favor of creditors of and purchasers from the life tenant.—Code 1896, § 1046; *Rutledge et al. v. Cramton,* 150 Ala. 275, 43 South. 822, and cases cited. It necessarily follows that before a party can claim to be a purchaser, within the meaning of the statute, he must show that he has purchased from the life tenant, not only his or her life

[Cramton v. Rutledge, et al.]

estate, but the entire property. The life tenant may exercise the discretion of selling either merely the life estate, leaving the remainder for those entitled to it, or of exercising the power given by selling the entire property.

The proceedings in the probate court, commenced by the life tenant, Mrs. Bell, were merely to sell for partition the interest of her co-tenant and her interest in the property. The deed made thereunder conveys only the interest which she held in the premises, and the only interest which she had in the property was a life estate, though there was attached to it a power, which she could execute or not, as she chose. When the proceedings make no mention of the power, and use no expression indicative of a desire to have sold any interest except that which was actually owned by Mrs. Bell at that time, and the deed specifically conveys only that interest, it is difficult to understand how that could be construed into an intention to sell, not only that which she owned, but that which she had the power to convey. In the case of *Matthews v. McDade*, 72 Ala. 378, 387, the deed was made by the executor and trustee, and this court held that, as the proceedings in the probate court was void, the deed was made in pursuance of the power conferred by the will.

Only her life estate, then, passed to the purchaser, and during her life no question of adverse possession could arise. The life estate terminated at the death of Mrs. Bell May 4, 1893. When Howard Bell purchased, under the original partition proceedings, he became the owner in fee of the interest of the estate of W. B. Bell, and the owner of the life estate of Mrs. Bell in the interest owned by her deceased husband, A. R. Bell. When the life estate fell in (May 4, 1893), his vendee, Pomeroy, became tenant in common with the remain-

dermen, the heirs of A. R. Bell. The possession of one tenant in common is the possession of all, as each holds for the benefit of the other, until there is an actual disseisin brought home to the knowledge of the other.—1 Wash. Real Prop. (3d Ed.) p. 566, §§ 417, 418.

So the question arises whether or not the evidence in this case shows such exclusive adverse possession by the respondent and those under whom he claims, and the knowledge of same so brought home to the complainants, as to create a bar by adverse possession. "The possession by one tenant in common is prima facie presumed to be the possession of all, and it does not become adverse to the co-tenants, unless they are actually ousted, or, short of this, unless the adverse character of the possession of one is actually known to the other, or the possession of the one is so open and notorious in its hostility and exclusiveness as to put the other tenants on notice of its adverse character."—*Ashford et al. v. Ashford et al.,* 136 Ala. 632, 640, 34 South. 10, 96 Am. St. Rep. 82. In the case of *Jefferson v. Pettus et al.,* 132 Ala. 671, 32 South. 663, the partition, from which the adverse holding commenced, was made by deed inter partes, conveying the entire interest in the land to one of them, who went into immediate possession, to the exclusion of the others. The evidence in this case does not show such adverse possession as to oust the other tenants in common.

The decree of the court is affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.