[Hall, et al. v. Condon, et al.]

# Hall, *et al. v.* Condon, *et al.*

*Bill for Partition and to Correct or Cancel Instruments.*

(Decided Dec. 16, 1909.—51 South. 20.)

1. *Partition; Pleading; Bill; Sufficiency.*—Where a deed devises property to one with remainder to her children, a bill alleging the death of the life tenant, and that the parties are all children of or descendants and heirs of such life tenant, and setting out the interest and relation of parties, that the land cannot be equitably partitioned among the tenants in common, and praying for a sale for division sufficiently shows a cause of action in the complainants for partition.

2. *Same; Demurrer.*—What is comprehended by a phrase in a deed to a person for life with remainder "to her children" cannot be determined by demurrer to a bill filed for partition by complainants claiming as tenants in common in remainder after the death of the life tenant.

3. *Life Estate; Adverse Possession by Life Tenant.*—The possession of a life tenant cannot be adverse to the title and rights of the remaindermen.

4. *Same; Defeat of Title of Remaindermen.*—The title of a remainderman cannot be destroyed by any acts of the life tenant, and hence, a conveyence by the life tenant purporting to convey the fee passes only the life estate.

APPEAL from Elmore Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Joseph Condon and others against George D. Hall, and others, for the partition of land. Judgment overruling demurrer to the bill and respondent appeals. Affirmed.

J. M. HOLLY, and F. W. LULL, for appellant.—The life estate is impossible under a parol agreement.—16 Cyc. 616. It cannot be created by a parol agreement.— Authorities supra. The bill did not sufficiently describe the complainants their right and title to the land or their right to maintain the suit.—3 Port. 352; 25 Ala. 285; 36 Ala. 594; 56 Ala. 260; *Moore v. Lee,* 105 Ala. 436; 5 A. & E. Ency. of Law, 1085.

MARKS & SAYRE, for appellee.—Under the deed appellees are tenants in common of appellant and have a right to have the land sold for partition.—*Thorington v. Hall,* 111 Ala. 232; *Smaw v. Young,* 109 Ala. 528. A life tenant cannot do anything to destroy the title of the remaindermen, nor can the life tenant hold adversely to the remaindermen.—*Pickett v. Doe,* 74 Ala. 122; *Cramton v. Rutledge,* 50 South. 900.

MAYFIELD, J.—The bill in this case primarily seeks a sale of lands for division among tenants in common, under Code provisions (Code 1907, § 5231, 5232), and incidentally to correct or cancel instruments as a cloud on title. The bill avers that one Bolling Hall sold the land in question in the year 1856 to Mary B. Hall, selling a life estate to her, with remainder to her children; that Mary B. Hall went into possession under this sale, and held it until 1883, when Bolling Hall executed a deed to her, conveying to her, strictly in accordance with the terms of the original sale. A copy of this deed is made an exhibit to and a part of this bill. The bill further avers that prior to 1883, Mary B. Hall never claimed anything except a life estate, and accepted the deed at that date with all limitations. The deed of 1883 contains the recital that no deed was made at the time of the sale, or, if made, that it had been lost, and that it (the then instant deed) contained the conditions and stipulations of the original sale, and that the said Mary B. had ever held and claimed under these conditions. The bill alleges that Mary B., the life tenant, is dead, and that the parties to the bill are the children of the said Mary B., or are descendants and heirs of hers, or claim title through her or her children, or their heirs or descendants, setting out the interest in the estate and the relations of all the parties to the suit,

and follows the language of the statute, in averring that the lands cannot be equitably partitioned among such joint owners or tenants in common, and prays a sale thereof for division, and other relief.

The respondent demurred to the bill, assigning various grounds, among which is the ground that the bill contains no equity. The demurrer was overruled by the chancellor, and from that decree respondents prosecute this appeal. The bill seems to be in proper form, and conforms to all the requirements of the state (Code 1907, §§ 5231, 5232), and certainly contains equity.— *Hillens v. Brinsfield,* 108 Ala. 605, 18 South. 604; *Brown v. Hunter,* 121 Ala. 213, 25 South. 924; *Fitts v. Craddock,* 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53; *Kilgore v. Kilgore,* 103 Ala. 614, 15 South. 897.

It is insisted that the bill shows no title in complainants, for that it shows that Mary B. Hall owned the fee at the time she undertook to sell it or partition it among her living children, and that this title, which was the fee, passed to the respondents by virtue of the sale or partition, or, at least, at the death of Mary B. This contention, we think, is not supported by the averments of the bill. If the contention is true, it is not shown by the bill. The bill clearly shows that Mary B. never had any title except that of a life estate, and hence could not and did not convey any other. She took only a life estate, if the averments of the bill are true; and her children took a vested remainder, as purchasers, under the original sale and conveyance to her by Bolling Hall, and an undivided interest in this vested remainder descended to and vested in complainants. So it does appear from the averments of the bill that they now have that title and interest in the lands, the subject-matter of this suit.—*Smaw v. Young,* 109 Ala.

528, 20 South. 370; *Thorington v. Hall,* 111 Ala. 323, 21 South. 335, 56 Am. St. Rep. 54; *Dunn v. Davis,* 12 Ala. 135.

The bill also affirmatively shows that complainants are tenants in common with respondents as to the lands in question. It has been too often decided by this court to admit of doubt that the possession of the life tenant is not, and cannot be, adverse to the title or claim of the remainderman.—*Pickett v. Pope,* 74 Ala. 122; *Cramton v. Rutledge,* 163 Ala. 649, 50 South. 900. By no act of the life tenant can the title of the remainderman be destroyed.—*McLeod v. Bishop,* 110 Ala. 640, 20 South. 130; *Bass v. Bass,* 88 Ala. 408, 7 South. 243. A conveyance by the life tenant, though it purports to convey the fee, passes only the life estate of the grantee.—*McMichael v. Craig,* 105 Ala. 382, 16 South. 883. The bill avers that Mary B. Hall entered into possession as a life tenant, and always held possession under the sale and conveyance as a life tenant, and never claimed to own the fee. If she ever held adversely to the remaindermen, it is not shown by the bill.

A demurrer is not the proper mode or method of testing the meaning of the phrase "to her children," contained in the deed, or who took thereunder. The averments of the bill as to this are sufficient. If complainants are not within that phrase, or are not privies in estate of "her children," this must be shown in some other way. The bill does not affirmatively show it; but it does show that complainants are privies in estate of "Mary Hall's children." We find no inconsistent averments in the bill which are material.

The bill seems to have been well drawn, and was certainly not subject to any of the grounds of demurrer assigned. The decree of the chancellor is affirmed.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.