173 So. 504

## GARRETT v. MOODY.

### 8 Div. 781.

Supreme Court of Alabama.

March 11, 1937.

Rehearing Denied April 15, 1937.

Street & Bradford, of Guntersville, and Thos. E. Orr, of Albertville, for appellant.

Mack Killcrease, of Albertville, for appellee.

BOULDIN, Justice.

Appellee sued appellant in detinue for the recovery of two mules.

Upon consideration of pleadings and proof on the trial at law, the trial court, of his own motion, transferred the cause to the equity side of the docket, where plaintiff filed his bill and defendant her answer setting up their respective versions of the rights of the parties.

The case presented by complainant's pleading and evidence is briefly this: R. A. Garrett, the husband of defendant, ex-

ecuted to plaintiff mortgages on these mules. In payment of same he turned over to plaintiff a bale of cotton, the mortgages were thereupon surrendered to him as paid, and a small balance of the proceeds of the cotton paid to him. A few days later said R. A. Garrett died. The mules came into possession of his widow, Mrs. R. A. Garrett, who had possession of same when the suit was begun. Soon after the death of R. A. Garrett, it developed that a third party held a mortgage on this cotton; demand was made by the mortgagee on plaintiff for the proceeds of the cotton. After ascertaining the claim of the mortgagee was superior to his, plaintiff paid the mortgagee the value of the cotton. Thereupon, plaintiff notified Mrs. Garrett what had occurred, told her that his mortgages on the mules should be considered still in force and returned to him. Failing to locate the papers, Mrs. Garrett promised to pay the debt when she could. The mules were left with her to carry on farming operations awaiting payment. Failing to make payment, this suit in detinue was instituted some two years later.

The case presented by defendant is briefly this: After her husband's death, she investigated the condition of her husband's affairs, in course of which she went to plaintiff and inquired of him if he had a mortgage on the mules, was advised he had not, that his mortgages had been paid. On this assurance, she paid off certain mortgages held by outside parties on these mules, and other effects, using her own money derived from insurance, in sums far in excess of the value of these mules, and with a view to clearing up her title thereto as part of her exemptions.

Issues of fact developed as to several details of the case as made by each party.

It is obvious plaintiff's claim of title rested upon a rescission of the transaction by which the mortgages were surrendered because of failure of consideration due to loss of the bale of cotton under paramount title; and defendant's chief defense rested upon estoppel by reason of assurances given her by plaintiff leading her to change her position for the worse.

■ Appellant insists the order transferring the cause to the equity docket was error. There is no assignment of error challenging the order "transferring the cause." Code, § 6487. An assignment of error seeks to review an order denying a motion to retransfer the cause to the law side. The statute only authorizes a review after final decree of an order granting such motion, not one denying same. Code, § 6492; Jones v. Wright et al., 220 Ala. 406, 125 So. 645.

■ The jurisdiction of the equity court on such transfer may be sustained on the general equity jurisdiction in matters of rescission and estoppel in pais.

■ The bill setting out the fact of the execution of the mortgages, with identifying data, it was not necessary that they be made exhibits to the bill. A reference to same as already in evidence on the trial on the law side, a transcript of which was by agreement used in the equity hearing, sufficed to fully inform defendant on these lines.

On the legal evidence, which will not be reviewed, the decree of the trial court granting complainant relief, in our opinion, should be and is affirmed.

Neither bill nor decree proceeded as in case of foreclosure of a mortgage in equity. But proceeding as one to rescind the satisfaction of and reinstatement of the mortgages, granted relief as in detinue, ascertaining by reference the amount of the mortgage debt, the alternate value of the property, and damages for detention while in defendant's possession under replevy bond in detinue, followed by decree like unto a judgment in detinue at law.

■ There was no reversible error in having the register report the amount of court costs chargeable to defendant and inserting same in the decree. This advised defendant at once of the amount due to be paid in order to prevent forfeiture of the replevy bond.

■ It appearing, however, that the aggregate sums covered by the replevy bond exceeded the penalty of said bond, there was error in failing to limit the execution on the forfeited bond against principal and sureties to the penalty of the bond, viz., $216. The decree will be here corrected so as to limit such execution on the bond to said sum of $216, or such lesser sum as may be secured thereby in case of partial compliance as per the statute.

As so corrected, the decree is affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER, and FOSTER, JJ., concur.