185 So. 754

**BROWN et al. v. ASHWORTH.**

**2 Div. 129.**

Supreme Court of Alabama.

Nov. 25, 1938.

Rehearing Denied Jan. 26, 1939.

W. R. Withers, of Greensboro, for appellants.

S. W. H. Williams, of Greensboro, and Reuben H. Wright and Ward McFarland, both of Tuscaloosa, for appellee.

FOSTER, Justice.

This suit was begun by these appellants in equity seeking to invoke the principle there available that an injunction will issue to prevent a trespass to realty, which consists in the destruction of a material portion of that which is the chief value of the realty on which the trespass occurs, without, other allegations of irreparable injury: That it is not necessary to concede such a usurped possession and be remitted to a court of law. Tidwell v. Hitt Lumber Co., 198 Ala. 236, 73 So. 486, L.R.A.1917C, 232; Acker v. Green, 216 Ala. 445, 113 So. 411; Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559.

Demurrer to the bill was sustained, allowing an amendment which was filed giving detail of allegation and emphasis to the original averments, with an amendment to the prayer to the effect that, if mistaken in the remedy sought and the court should hold there is no remedy as claimed in equity, it will in that event transfer the cause to the law side of the court.

Demurrers were again filed, and upon consideration the court expressed the opinion that the bill is without equity, but made no decree on the demurrers, and upon the basis of that opinion and on the alternative prayer to transfer the cause to the law docket, made an order to that effect, but continued the temporary injunction pending the trial at law upon the execution of a new bond, which was made.

Thereupon a complaint was filed at law seeking to recover the property, and dam-

ages for the trespass, actual and exemplary. Issue was joined and the cause came on for trial, when plaintiffs moved to have it retransferred to equity. This motion was overruled, and plaintiffs excepted.

A trial was had with a jury, in which no rulings were made to which appellants excepted. Witnesses were examined, and the bill of exceptions has the following recital: "At the close of the evidence the defendant requested in writing the following charge: "(X–1) The court charges the jury that if they believe the evidence in the case they must find for the defendant.' The court intimated that the defendant was entitled to have this charge given to the jury and informed the plaintiffs that he was going to give said charge to the jury, whereupon plaintiffs took a non-suit. However, the above charge was never in fact given or refused by the court, and no endorsement was made thereon by the judge." A judgment of non-suit was accordingly entered, reciting that plaintiffs so prayed on account of adverse rulings of the court, without specifying them.

The appeal is from that non-suit by plaintiffs claiming the benefit of section 6431, Code. There are three assignments, (1) the decree sustaining demurrer to the bill, (2) the order transferring the cause to the law docket, and (3) in ruling that defendant is entitled to the affirmative charge.

When a plaintiff takes a non-suit to review adverse rulings, to which exception was reserved, or without exception when it is not necessary, it is not voluntary in the sense that the rulings are not reviewable, on account of the Code section above cited.

We have made reference to certain rulings which were made in the course of the trial and were sought to be reviewed when a non-suit is taken under the statute. We said that the test is whether the ruling, either singly or in conjunction with others, went "to the right of the plaintiff to proceed in his effort for recovery." Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11, 12; Russell v. Garrett, 208 Ala. 92, 93 So. 711; Garner v. Baker, 214 Ala. 385, 108 So. 38; City of Mobile v. Board of Revenue, 219 Ala. 60, 121 So. 49; Esslinger v. Spragins, 236 Ala. 508, 183 So. 401.

Counsel for plaintiff seemed to suppose that the intimation from the court that he would give the affirmative charge was such a ruling.

But we cannot distinguish the situation here shown from that discussed in Champion v. Central of Georgia Ry. Co., 165 Ala. 551, 51 So. 562. In construing it we are not particular about the words used either in making a ruling or in showing a purpose to review it by reserving an exception. Sims v. Tigrett, 229 Ala. 486, 158 So. 326. But there must be more than a mere intimation of what ruling might be expected. In the Sims Case, supra, the general charge was requested in writing, a motion to give it was declared to be granted, and in order to review that ruling a non-suit was taken. We extended the rule in that case as far as we think it may be done under the terms of the statute. This record does not show a sufficient compliance, and it was so held in the Champion Case, supra.

The appeal is not due to be dismissed since the judgment shows that the non-suit was not voluntary. But the record behind it does not contain a ruling to which plaintiffs excepted, nor one to which exception was not necessary, which "went to the right of plaintiff to proceed in his effort for recovery." The decree sustaining demurrer to the bill, and that transferring it to the law side were not of that sort, nor was the ruling on the motion to retransfer, which is not even reviewable on appeal from the final judgment. Holder v. Taylor, 233 Ala. 477, 172 So. 761; Derzis v. Cox, 223 Ala. 517, 137 So. 306; Garrett v. Moody, 234 Ala. 113, 173 So. 504.

The status of the record requires us to affirm the judgment; but we do not hold that the bill was without equity or that had the affirmative charge been given for defendant, it would not have been erroneous. Malone v. Lacroix, 143 Ala. 657, 144 Ala. 648, 41 So. 724; Dunn v. Ellisor, 225 Ala. 15, 141 So. 700; Mitchell v. Church of Christ, 219 Ala. 322, 122 So. 341; Section 5723 et seq., Code.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

On Rehearing.

PER CURIAM.

Application overruled.

GARDNER, BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., concur.