45 So.2d 705

**HARRISON v. LEE.**

**3 Div. 552.**

Supreme Court of Alabama.

April 13, 1950.

544

A. Pope Gordon and E. W. Wadsworth, of Montgomery, for appellee.

L. A. Sanderson, of Montgomery, for appellant.

STAKELY, Justice.
This is an appeal from a decree of the equity court overruling the demurrer of J.

M. Harrison (appellant) to the bill of complaint filed by Emma Lou Meadows Hamilton (appellee). Mable Meadows Beasley and Mose Pride were also made respondents to the bill.

The allegations of the bill show in substance the following. On June 5, 1924 under and by virtue of a deed from William Graham and wife Lizzie Graham to complainant, complainant became the owner in fee simple of a certain house and lot situated in the City and County of Montgomery, Alabama. From that date until about one year prior to the filing of this bill, complainant enjoyed the continuous exclusive and uninterrupted ownership and possession of the property against the lawful claims and demands of all persons.

On June 6, 1942, complainant made a deed conveying to the respondent Mable Meadows Beasley the aforementioned house and lot, reserving a life estate therein in favor of complainant and her husband Albert Hamilton. Albert Hamilton is now deceased. Under the aforesaid deed, according to the allegations of the bill, complainant has the right to the exclusive use and possession of the property and all rents, profits and other income therefrom for the remainder of her life. After the execution and delivery of the aforesaid deed, reserving a life estate in the property in favor of the complainant, the respondent Mable Meadows Beasley lived with the complainant in a house located on the property until about the year 1944 when the house was destroyed by fire through no fault of complainant. Thereafter about the latter part of 1947 or in the early part of 1948, the respondent J. M. Harrison erected a house upon the property. It is alleged that the act of J. M. Harrison in causing the house to be constructed on complainant's premises was wholly without the consent, authorization or ratification of complainant either written or oral and without lawful justification or excuse.

On February 21st, 1948, the respondent Mable Meadows Beasley mortgaged her remainder interest in the property to the respondent J. M. Harrison after the erection of the house as aforesaid by J. M. Harrison.

It is further alleged that the respondent J. M. Harrison and Mable Meadows Beasley both before and after the mortgage was executed endeavored to induce complainant to convey her life estate in the mortgaged property. The complainant wholly refused to make the deed and expressed her disapproval of and lack of consent to any mortgage or conveyance which would constitute an incumbrance on her life estate in the property. It is further alleged that J. M. Harrison thereafter attempted to oust the complainant from and denied her access to her premises and further placed the respondent Mose Pride on the property as his tenant to hold and occupy the house which J. M. Harrison had built on the property without complainant's consent to the exclusion of complainant. It is further alleged that since that time J. M. Harrison has been collecting the rents, profits and other income from the property, the exact amount of which is unknown to complainant, all of which complainant alleges is contrary to equity and good conscience and in total disregard of the rights of the complainant in the property.

It is further alleged that J. M. Harrison is now holding the property through his tenant Mose Pride and that the respondents are unlawfully occupying and holding the property against the will of complainant and without color of right, title or authority and that they have committed continuous acts of trespass on complainant's premises and have tried to oust complainant from the possession and occupancy of her property and have taken all rents, profits and income rightfully accruing to complainant therefrom during her life time, in total disregard of the rights of complainant in the property.

It is further alleged that complainant is 86 years of age and without adequate income or support and seeks the jurisdiction of the equity court for the reason that she is without adequate remedy at law and otherwise would be subject to expense, inconvenience and necessity of numerous suits to enforce her rights.

The appellant takes the position that the present bill must fall because the appellee has a plain and adequate remedy at law. It

is pointed out that equity will not ordinarily take jurisdiction of suits to recover possession of or try title to real estate. On the other hand it seems to be the modern tendency to enlarge rather than to narrow the class of cases in which a court of equity will enjoin trespass to land. The theory of the appellee is that the allegations of the present bill clearly are sufficient to invoke the jurisdiction of an equity court to enjoin the trespass shown by the allegations of the bill.

In the case of Coleman & Davis v. Elliott, 147 Ala. 689, 40 So. 666, 667, this court showed that equitable intervention in cases of trespass rests fundamentally in the inadequacy of legal remedies for the injury and that an injury resulting from trespass may be incapable of compensation in damages for a variety of reasons: "(1) It may be destructive of the very substance of the estate; (2) it may not be capable of estimation in terms of money; (3) it may be so continuous and permanent that there is no instant of time when it can be said to be complete so that its extent may be computed; (4) it may be vexatiously persisted in, in spite of repeated verdicts at law; (5) it may be committed by one who is wholly irresponsible, so that a verdict against him for damages would be entirely valueless; (6) it may be committed against one who is legally incapacitated from a beneficial use of the remedy at law."

Before coming to the basic questions in the case it is well to point out that the complainant has such constructive possession as will support this action, for since her title is undisputed it is not necessary for her to concede the usurped possession of the alleged trespasser. Acker v. Green, 216 Ala. 445, 113 So. 411; Brown v. Ashworth, 237 Ala. 160, 185 So. 754. It is insisted in the case at bar that the alleged trespass results in the destruction of the substance of the estate of the complainant and for that reason an action for damages in a court of law will be inadequate. If this is true, this is ground for equity jurisdiction. Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559; Coleman & Davis v. Elliott, supra. The destruction of the substance of a material portion of that which is the chief value of the estate is well illustrated by the cutting of timber from the land. Tidwell v. H. H. Hitt Lumber Co., 198 Ala. 236, 73 So. 486, L.R.A. 1917C, 232; Acker v. Green, supra. But is the alleged trespass in the present case so destructive of the substance of the estate of the complainant as to warrant the intervention of equity? The complainant owns the life estate in the lot and she is certainly entitled to its use and enjoyment as she sees fit so long as she commits no waste. C. W. Zimmerman Mfg. Co. v. Wilson, 147 Ala. 275, 40 So. 515. When the house burned she had a vacant lot which she was entitled to use and enjoy in her own way. It is claimed that her use and enjoyment was irreparably damaged by the construction of a house thereon. The injunction is now sought after the house has been erected. We could well concede that a structure or building could so be erected on a lot as to destroy the use of the property to which the owner would put it or materially impair the manner of its enjoyment. But here there is nothing to show that there has been a destruction of the substance of the estate as it has been held and enjoyed. Long v. Ragan, 94 Md. 462, 51 A. 181. Taking the allegations of the bill before us most strongly against the pleader, we would say that a house has been rebuilt on the lot of the kind and character formerly on the lot and so as to place the property in the condition in which it has been held and enjoyed. Accordingly we do not see how it can be said that there has been any destruction of the material substance of the estate of the complainant. Deegan v. Neville, 127 Ala. 471, 29 So. 173, 85 Am.St.Rep. 137.

It is further contended that the trespass is continuous and permanent which means that there is no time when it can be complete so that its extent may be computed. In H. H. Hitt Lumber Co. v. Cullman Property Co., 189 Ala. 13, 66 So. 720, 721 it was said by this court: "To make the injury or trespass a continuing one, it must be of such a character as that its recurrence is not dependent upon any act to be done by any person." The court illustrated this statement of principle by referring to the erection of a dam by which another's

land would be flooded and his timber periodically destroyed and though the erection of the dam was a single act the trespass would not be single. Every rise of water occasioned by rain would produce another injury and constantly recurring grievances so that a jury would be unable to determine upon a time when the wrong could be regarded as complete. Deegan v. Neville, supra.

But when the house in the case at bar was erected on the lot the trespass was such that damages could then be computed for the whole injury, if any, since the injury could be proven with reasonable certainty to be permanent in character. Sloss-Sheffield Steel & Iron Co. v. Mitchell, 161 Ala. 278, 49 So. 851. So we do not consider that the bill shows such a permanent or continuous trespass as to warrant equitable interference.

There is nothing to show that the respondents are insolvent and for that reason an action at law would be inadequate. Quinn v. Pratt Consolidated Coal Co., 177 Ala. 434, 59 So. 49; Camp v. Conner, 205 Ala. 468, 88 So. 578.

The remedy by injunction can not be substituted for ejectment or unlawful detainer. The bill in the present case simply shows an unauthorized entry, a refusal to yield possession and a purpose to continue in possession. This is the continued trespass complained of and the basis for multiplicity of suits. An action of ejectment will determine which of the parties will have the legal right to possession and such action will put an end to litigation over such right and in an action for ejectment we think that the damages, if any, to which the complainant may be entitled, can be computed. Quinn v. Pratt Consolidated Coal Co. supra.

Finally we do not think that the bill can be sustained as a bill for discovery and accounting independent of other equitable relief. Young v. Dean, Ala.Sup., 44 So.2d 12;[1] Altman v. Barrett, 234 Ala. 234, 174 So. 293. Whatever might be said of the relationship between the complainant

and Mable Meadows Beasley (33 Am.Jur. p. 701), certainly there is no relation of confidence between the complainant and J. M. Harrison and he is the party with whom an accounting is sought. There is no allegation of fraud or wrongdoing which in itself would cause a court of equity to take cognizance. Julian v. Woolbert, 202 Ala. 530, 81 So. 32.

We note that after this appeal was taken Emma Lou Meadows Hamilton died and the cause revived in the name of her executrix. We have considered the case, however, irrespective of her death since the executrix in an ejectment suit or in the statutory substitute for it is entitled to establish such claim for damages, if any, as Emma Lou Meadows Hamilton may have had up to and at the time of her death. Mason v. Storrs, 34 Ala. 179; Hairston v. Dobbs, 80 Ala. 589, 2 So. 147.

Since we conclude that the bill is without equity, the decree overruling the demurrer is set aside and a decree here entered sustaining the demurrer with leave to amend the bill within 30 days from the time the certificate of reversal reaches the lower court.

Reversed, rendered and remanded.

BROWN, FOSTER and LAWSON, JJ., concur.