This is an action for the reformation of a deed or the imposition of a constructive trust. The trial court found that the plaintiff grantors were basing their action solely on a mistake of law and granted summary judgment for defendant, heir of the grantee.
G.P. Morgan died intestate on January 30, 1955, survived by his widow, Allie Morgan, and their six children: Walter H. Morgan, Inez Morgan, and the plaintiffs M.B. Morgan, Birdie Morgan Pierce, Aubrey J. Morgan,[1] and Loy Ray Morgan. On July 12, 1955, M.B., Birdie, Aubrey, and Loy Ray and their spouses executed a deed conveying two parcels of real property, which their father had owned at his death, to their sister Inez. The plaintiffs conveyed their interests in the property to Inez, "[s]ubject to the life estate of the widow, Allie Morgan." For reasons undisclosed, Walter did not sign the deed, though it listed him as a grantor.
At the time of the conveyance, Inez was 47 years old, had never married, and had no children. Approximately eight years later, in 1963, she married Dock Tate, the defendant/appellee in this action. Allie Morgan had died in 1962, so Inez owned the property, except for Walter's interest, at the time of her marriage. Inez died intestate on August 3, 1982, still married to Dock Tate and still childless. Under the law of descents applicable at that time, Code 1975, § 43-3-1 (1982 Supplement), Dock Tate stood to inherit the subject property.
The plaintiffs brought this action, seeking reformation of the deed to have it convey only a life estate to Inez or to have a constructive trust imposed on the property in favor of the plaintiffs. Dock Tate filed a motion for summary judgment, which plaintiffs opposed with a brief and affidavits, including one by Walter Morgan stating that Inez had told him it was her intention that the property go back to the family. The gist of the plaintiffs' argument is that they conveyed their interests in the property to Inez with the intention that it would revert to them as her heirs upon her death. They point out that only because the legislature changed the law of descent and distribution shortly before Inez's death did Dock Tate inherit the property as her surviving spouse.
The trial court granted Dock Tate's motion for summary judgment, noting that "all the materials submitted in opposition to said Motion for Summary Judgment clearly reveal that the Plaintiffs are relying on a mistake of law as a basis for the relief *Page 275 
claimed. . . ." Plaintiffs appeal from this judgment.
The trial court's judgment implicitly recognizes the rule that "a pure mistake of law is not an adequate ground for relief in equity." Hinson v. Byrd, 259 Ala. 459, 463,66 So.2d 736 (1953); Western Grain Company Cases, 264 Ala. 145, 164,85 So.2d 395 (1955). Indeed, there was not even a mistake of law at the time the deed was drafted, because Inez's brothers and sister would have inherited from her essentially as they allege they intended. Code 1940, tit. 16, § 1. We say "essentially" because Walter would have owned a larger share, retaining his original 1/6 and inheriting, 1/5 of Inez's 5/6 interest.
The legislature changed the course of descents in May of 1980 to allow a husband or wife to inherit ahead of all others except children. Acts 1980, Act No. 80-765, p. 1594. See also Acts 1981, Act No. 81-967; First Special Session, p. 148, and Act No. 81-1170, Third Special Session, p. 454, which changed "husband or wife" to "surviving spouse." When Inez died in August 1982, this order of descents was in effect. If Inez's intent was that her sisters and brothers take the property, she could and should have written a will which so provided.
We note also that the plaintiffs' right to inherit was affected even at the time Inez married Dock Tate. Under Code 1940 (Recomp. 1958), tit. 7, § 12, a surviving husband was entitled "to the use of the [wife's] realty during his life." Thus Dock Tate would have been entitled to at least a life estate in the subject property after Inez's death at any time during their marriage.
Plaintiffs allege their family relations were close. This being the case, they could have urged Inez to write a will leaving the property to them after she married or after the law of descents changed. Equity aids the diligent, not those who negligently fail to take advantage of a remedy. Moore v.McLean, 248 Ala. 9, 26 So.2d 96 (1946).
Dock Tate cites Cole v. Adkins, 358 So.2d 447 (Ala. 1978), as setting out the circumstances under which a constructive trust may be imposed:
 "`(a) the transfer was procured by fraud, misrepresentation, duress, undue influence or mistake of such a character that the transferor is entitled to restitution, or
 "`(b) the transferee at the time of the transfer was in a confidential relation to the transferor. . . .'"
Id., at 449, quoting Restatement of the Law of Restitution, § 182 (1937 ed.) (emphasis in Cole). Because there is no allegation here of fraud, misrepresentation, duress, or undue influence, Dock Tate correctly argues that the only grounds for constructive trust under the Cole analysis are mistake and confidential relationship.
The Court in Cole quoted the comment to clause (b) of the cited section of the Restatement of Restitution, including the statement that a confidential relationship as contemplated in that clause includes the situation "where, because of family relationship or otherwise, the transferor is in fact accustomed to be guided by the judgment or advice of the transferee or isjustified in placing confidence in the belief that thetransferee will act in the interest of the transferor." Cole,supra, 358 So.2d at 449 (emphasis in Cole). Here, the transferors were neither guided by Inez's judgment nor expecting her to take any action to reconvey the property. InCole the transferor expected his mother to reconvey by deed or will.
The trial court correctly perceived that the plaintiffs rest their case on a mistake, and, under the authorities cited above, a mistake of law is not a "mistake of such a character that the transferor is entitled to restitution." Cole, supra.
Neither is reformation available to change the deed to grant only a life estate to Inez. The deed recited that the conveyance was subject to a life estate in Allie Morgan, but mentioned no such limitation on the interest granted to Inez. Reformation is available to correct a mutual mistake of the parties, not to create a new *Page 276 
agreement. Highlands Underwriters Ins. Co. v. Eleganté Inns,Inc., 361 So.2d 1060 (Ala. 1978); Original Church of God, Inc.v. Perkins, 292 Ala. 283, 293 So.2d 292 (1974).
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[1] Aubrey died before the suit was brought, so his widow and son are actually the plaintiffs in respect of his interest.