MADDOX, Justice
(dissenting).
The majority holds that the granting clause in the deed in question “clearly and unambiguously conveys an interest only to grantors” and that it “must be given effect over the habendum clause, because the ha-bendum clause is contradictory or repugnant to the granting clause in the deed.” The majority holds that “no present interest was conveyed to the grantors’ children in the granting clause; rather, the grantors conveyed the property to themselves in the granting clause and in the habendum clause to their children upon the grantors’ death,” and that “[tjhis is clearly a future conveyance of an interest that passes, if at all, at the death of the grantors — a testamentary disposition and not a deed.” (Emphasis added.)
In my opinion, the subject instrument is a deed that creates a life estate in the subject property to the grantors, with a remainder interest in their children, “upon the death of both grantees.”
While the instrument could have been more artfully drawn, it is clear to me that the grantors here intended to create a life estate in themselves and a remainder interest in their children upon the happening of a certain contingency — “the death of both grantees.” It is plain to me that the grantors intended this instrument to have this effect. The instrument was duly recorded in the deed records, and I believe the trial court correctly entered summary judgment.
If a document is unambiguous, its construction and legal effect are questions of law that may be decided, under appropriate circumstances, by summary judgment, Wheeler v. First Ala. Bank of Birmingham, 364 So.2d 1190, 1194 (Ala.1978), and it is the duty of the court to reconcile the terms of the instrument, if that may reasonably be done, to avoid a repugnancy in its provisions. Wilkins v. Ferguson, 294 Ala. 25, 310 So.2d 879 (1975).
The deed in question here states:
“The Grantors, J.V. Salters and wife, Mary Josephine Salters, for and in consideration of Ten and no/100 dollars, and for love and affection, convey and warrant to J.V. Salters and wife, Mary Josephine Salters, grantee[s], the following described real estate, to-wit:
“[Description.]
“To have and to hold the same for and during the natural life of both grantees, and upon the death of both grantees, the property will descend to their children, Johnny Holt Salters, Linda Irving Harbin, and James Comer Salters.... ”
James contends that the granting clause before the property description and the ha-bendum after the description conflict, and that the granting clause in a deed prevails over all other clauses in the event of a conflict. If the intention of the grantors cannot be ascertained from the instrument itself, of course, that is the rule of law to apply. Hanners v. Hanners, 262 Ala. 143, 77 So.2d 484 (1955).
It is clear to me, however, that there is no conflict between the two clauses in the subject deed, because the clause that is included immediately after the property description is obviously a continuation of the first clause. To interpret the deed as having a granting clause and a habendum clause that conflict would mean that the grantors went through the absolutely meaningless procedure of granting their property to themselves. Such a result is inappropriate, especially in view of the fact *172 that this instrument was recorded, and because the deed clearly gives the grantors a life estate and their children a remainder interest that divides the property equally upon the grantors’ deaths.
Although the majority attempts to distinguish Graves v. Wheeler, 180 Ala. 412, 61 So. 341 (1912), on the ground that “in Graves, the grantor conveyed a present interest in the granting clause to his wife for life with the remainder to the grantor’s children upon her death,” the clauses of that deed are substantially similar to those in this case. In Graves, the clauses stated:
“For and in consideration of the mutual love and affection, I have for my wife, Rebecca C. Graves, and for the further consideration of $5.00, I do hereby, grant, bargain, sell, confirm, and convey unto my said wife, Rebecca C. Graves the following property. [Description.] It is also expressly understood that at the death of my said wife, all the aforementioned property shall be divided equally between my lawful children....” 180 Ala. at 413, 61 So. at 342.
This Court held that
“the granting clause does not explain or define any particular estate granted, and, if the other parts of the instrument did not do so, the statute would pronounce it a conveyance of a fee-simple estate; but the description is succeeded by the following parenthetic clause: ‘(It is also expressly understood that at the death of my said wife, all the aforementioned property shall be equally divided between my lawful children).’ This was a definition of the estate intended for the wife, and was not repugnant to the granting clause, which expressed no particular estate or interest granted to her, and plainly shows that the grantor intended that she should have only a life estate, with a remainder to his lawful children, and who took as purchasers under the deed.” 180 Ala. at 416-17, 61 So. at 343.
A reading of the two clauses in Graves, therefore, shows that the majority is plainly wrong when it says that the grantor in Graves “conveyed a present interest in the granting clause to his wife for life with the remainder to the grantor’s children upon her death.” (Emphasis original.) The granting clause in Graves provides only that “I do hereby, grant, bargain, sell, confirm and convey unto my said wife, Rebecca C. Graves the following property.” This Court, construing the instrument in Graves, held that the instrument conveyed an interest to the children in that case. Why does not the language in this deed do the same? I think it does. Graves is indistinguishable from the present case, and the majority’s attempt to distinguish it is not based on sound legal principles.
To say that no present interest was conveyed to the children here is to hold that a remainder interest was not created by the language used. In my opinion, the subject deed here clearly conveys to the children equal shares of the property subject to a life estate held by the grantors. Unfortunately, the majority’s opinion, in my judgment, could be construed as creating a cloud on many titles to real property in this State in which substantially similar language has been used. Cf. Graves, supra; Vaughn v. Carter, 488 So.2d 1348 (Ala.1986); Morgan v. Tate, 445 So.2d 273 (Ala.1984); Touchstone v. Peterson, 443 So.2d 1219 (Ala.1983); Scotch v. Hurst, 437 So.2d 497 (Ala.1983); Duncan v. Johnson, 338 So.2d 1243 (Ala.1976); Hammond v. Shipp, 292 Ala. 113, 289 So.2d 802 (1974); Harrison v. Lee, 253 Ala. 543, 45 So.2d 705 (1950); Reynolds v. Trawick, 201 Ala. 449, 78 So. 827 (1918); Hall v. Condon, 164 Ala. 393, 51 So. 20 (1909); Cramton v. Rutledge, 163 Ala. 649, 50 So. 900 (1909); Findley v. Hill, 133 Ala. 229, 32 So. 497 (1902); Gindrat v. Western Ry. of Alabama, 96 Ala. 162, 11 So. 372 (1892).
It appears to me that, as a matter of law, the grantors, by the language they used, created a life estate in themselves, and a remainder interest in their children, and the effect of the majority opinion would be to allow the life tenants, and those taking under them, to destroy the interest of the remaindermen by disposing of the property in a manner inconsistent with the remainder interest. This Court has never allowed such a result before. A life tenant is a *173 trustee in the broad sense that he cannot deal with or dispose of the property to the injury of the remaindermen. Duncan v. Johnson, 338 So.2d 1243, 1252 (Ala.1976); Amos v. Toolen, 232 Ala. 587, 592, 168 So. 687 (1936). The title of remaindermen cannot be destroyed by any act of the life tenant. Hall v. Condon, 164 Ala. 393, 51 So. 20 (1909).
The majority opinion, by holding that the instrument here is in the nature of a testamentary disposition, fails to interpret the instrument to carry out the intent of the grantors, and its holding could have the effect of adversely affecting many titles to real estate in this State. Even if this ease is limited to its facts, it is clear to me that the majority has erred in its interpretation of this instrument. Here, the language of the instrument clearly shows that it is a deed and not a “testamentary disposition.” The parties, including the grantors, called it a deed, and it was filed in the probate office as a deed. The trial judge thought it was a deed. I would affirm.
HORNSBY, C.J., and ALMON and HOUSTON, JJ., concur.