I agree that the statutory part-payment exception to the Statute of Frauds does not apply in this case. See § 8-9-2(5), Ala. Code 1975;West v. McKay, 225 Ala. 397, 143 So. 573 (1932). I also agree that there was insufficient evidence to indicate that Louise Davis was guilty of fraud at *Page 67 
the inception of the alleged oral agreement she entered into with her brother Willie and her sister Beatrice. See Darby v. Johnson,477 So.2d 322 (Ala. 1985). I disagree, however, that the alleged oral agreement can be enforced by means of the imposition of a constructive trust. See Jordan v. Mitchell, 705 So.2d 453 (Ala.Civ.App. 1997).
The only possible ground for imposing a constructive trust in this case would be the abuse of a confidential relationship, and there was no evidence indicating that Louise Davis and her two siblings had such a relationship. The mere fact that they were siblings is not enough. SeeJordan v. Mitchell, 705 So.2d at 461 (stating that a confidential relationship "is not established merely by proof that the parties had a `close and affectionate' connection").
 "A confidential relationship exists when `confidence is reposed by one party in another, and the trust or confidence is accepted under circumstances which show that it was founded on intimate personal and business relations existing between the parties which gave the one [advantage or] superiority over the other.'"
705 So.2d at 461 (emphasis added) (quoting Kite v. Kite, 444 So.2d 863,865 (Ala.Civ.App. 1983)) (bracketed material added by the court in Jordanv. Mitchell).
 "`Relevant facts to be considered include the degree of kinship, as well as disparity in age and business experience, and the extent to which the allegedly servient party entrusts the handling of his or her business and financial affairs to the other.'"
705 So.2d at 461-62 (quoting Edwards v. Miller, 61 Ill. App.3d 1023,1027, 19 Ill. Dec. 82, 85, 378 N.E.2d 583, 586 (1978)).
In Morgan v. Tate, 445 So.2d 273 (Ala. 1984), the supreme court explained that a confidential relationship
 "includes the situation `where, because of family relationship or otherwise, the transferor is in fact accustomed to be guided by the judgment or advice of the transferee or is justified in placing confidence in the belief that the transferee will act in the interest of the transferor.'"
445 So.2d at 275 (quoting Cole v. Adkins, 358 So.2d 447, 449 (Ala. 1978)) (emphasis in Cole).
In the present case, there was no evidence indicating that Willie and Beatrice had habitually entrusted Louise with the handling of their financial affairs, or that they were accustomed to being guided by her business judgment, or that they reposed such confidence in her that she had thereby gained an advantage or superiority over them.
The evidence indicates that Willie was present at the loan closing, that he paid to have the deed prepared, and that he was aware — from the beginning — that his name was not on the deed. When he was asked at trial why his name was not on the deed, Willie did not say, "I don't know; I trusted Louise to do right by me." Instead, he replied, "That's what I wanted to know, why it wasn't on the deed." If Willie thought he and his sister Beatrice were buying the property equally with Louise, he could have demanded that he (or they) be named as grantees. "Equity aids the diligent, not those who negligently fail to take advantage of a remedy." Morgan v. Tate, 445 So.2d at 275.
Beatrice testified that her dealings as to the purchase of the property were solely with Willie. She said that she never even talked to Louise about buying the land. Willie and Beatrice did not establish with Louise the existence of a "confidential relationship," as that term has been defined by our cases. Therefore, they were not *Page 68 
entitled to have a constructive trust imposed upon the property for their benefit.